USCA1 Opinion

 

 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 96-1413 JULIA TIRADO, ET AL., Plaintiffs, Appellants, v. U.S. DEPARTMENT OF VETERANS AFFAIRS, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Salvador E. Casellas, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Emilio F. Soler for appellant. _______________ Lowell V. Sturgill, Jr., with whom Frank W. Hunger, __________________________ _________________ Assistant Attorney General, Guillermo Gil, United States ______________ Attorney, and Robert S. Greenspan, Appellate Staff, Department of ___________________ Justice, were on brief, for appellees. ____________________ March 11, 1997 ____________________ Per Curiam. We affirm the judgment below on the basis Per Curiam. ___________ of the district court's well-reasoned order dated February 5, 1996. We add only a brief comment. The concept of an ordered liberty requires that the law draw temporal lines. Any time such a line is drawn, however, there will always be litigants who fall just short. Holding the line in those instances may seem harsh, but it is essential to the proper functioning of our legal system. This is such a case. Under a valid and concededly applicable regulation, 29 C.F.R. 163.214(a)(1)(ii) (1992), the plaintiff had to file her complaint charging discrimination in employment with the EEOC within 15 days of receipt of the Notice of Final Interview. The plaintiff missed the deadline by eight days. And, while equitable tolling, as the plaintiff argues, is available in an appropriate case, see, e.g., Irwin v. Department ___ ____ _____ __________ of Veterans Affairs, 498 U.S. 89, 95-96 (1990), the contours of ___________________ the exception are narrow and its use is rare, see Jensen v. ___ ______ Frank, 912 F.2d 517, 521 (1st Cir. 1990); Mack v. Great Atl. & _____ ____ ____________ Pac. Tea Co., 871 F.2d 179, 185 (1st Cir. 1989). ____________ In this case, we agree with the lower court that the facts of record, even when taken in the light most favorable to the plaintiff, do not permit the invocation of the doctrine. See, e.g., Kelley v. NLRB, 79 F.3d 1238 (1st Cir. 1996). Among ___ ____ ______ ____ other things, there is no factual support for a finding that the untimely filing resulted either from conduct attributable to the defendants or from circumstances beyond the plaintiff's control. 2 Applying the test laid down in Kelley, 79 F.3d at 1249-50 an ______ appeal which, on the facts, perhaps presented a more compelling (but, nonetheless, still unsuccessful) case for equitable tolling the plaintiff is plainly not entitled to relief. Her Union's blunder, like the plaintiff's lawyer's error in Kelley, is fully ______ chargeable to her. We need go no further. The judgment below is  Affirmed. Affirmed ________ 3